**Moukoko Thomas Christian ELAME, also known as Thomas Christian Elame Moukoko, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 08–60813
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 28, 2009.

Cyril Chukwurah, Houston, TX, for Petitioner.

Don George Scroggin, John Clifford Cunningham, Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Sandra M. Heathman, U.S. Citizenship & Immigration Services, Houston, TX, for Respondent.

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Moukoko Thomas Christian Elame petitions this court for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen. Elame argues that the BIA erred by denying his motion to reopen because he is eligible to adjust his status as the spouse of a United States citizen. The decision to reopen proceedings is a discretionary decision, and this court applies a highly deferential abuse of discretion standard when reviewing the BIA's denial of a motion to reopen. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir.2000). This court will affirm the BIA's decision as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational ap-

proach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir.2006) (citation omitted).

Elame has not shown that the BIA abused its discretion in denying the motion to reopen because he has not shown that he meets the five factors set forth in *In re Velarde–Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002). Moreover, Elame was only at the first step of the long and discretionary process of obtaining an adjustment of status. *See Ahmed v. Gonzales*, 447 F.3d 433, 438–39 (5th Cir.2006). Thus, the BIA did not abuse its discretion in denying Elame's motion to reopen. The petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.